PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ADRIÁN RIVERA, Defendant and Appellant.

No. 4589. Argued December 11, 1931.—Decided December 16, 1931.

*Enrique Báez García* for appellant. *R. A. Gómez* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

Adrián Rivera was twice convicted of a violation of the Sunday Closing Law, first in a municipal court and later, after a trial *de novo,* in a district court, and now submits that the district judge erred in overruling a so-called demurrer for want of jurisdiction.

In a paper styled a demurrer and filed in the district court, defendant stated that the municipal judge had pronounced sentence on April 8, 1931; that defendant had appealed on the same day, and that neither the municipal judge nor the secretary of the municipal court had filed the record with the clerk of the district court until May 20, 1931, some 48 days after the rendition of judgment in the municipal court. This paper closed with a prayer for peremptory acquittal of defendant. The district attorney in reply treated this pleading as a motion to dismiss the action and insisted: *first,* that while it was the duty of the municipal judge to send up the record within five days it was also the duty of defendant to prosecute his appeal; *second,* that the motion came too late when presented after the filing of the record in the district court; *third,* that defendant who had been released on bail was not shown to have been prejudiced in any substantial right by the delay; *fourth,* that the grounds upon which the motion was based did not bring the case within section 448 of the Code of Criminal Procedure; and, *fifth,* that section 461 of the said code was decisive of the question.

Appellant relies on implied admissions said to be contained in the pleading last mentioned to establish the fact alleged in the motion to dismiss.

No other evidence of the existence of those facts is to be found anywhere in the record. Nor is there anything

in the record to show that the district judge ever ruled upon the motion or "demurrer," or that the same was ever brought to his attention.

An appeal from the judgment of a municipal court in a criminal case is perfected by the filing of a written notice of appeal accompanied by a bond or money deposit. Comp. St. sections 6060 and 6061. The failure of a municipal judge to send up the record within the time prescribed by subdivision Fifth of section 29 of the Code of Criminal Procedure, Comp. St. 6040, does not divest the district court of its jurisdiction. Even otherwise (at least in a case where appellant has not been deprived of his right to a speedy trial), the proper practice would be to dismiss the appeal, not to dismiss the action, nor to acquit the defendant. See 35 C. J. 796, section 499.

The judgment appealed from must be affirmed.